UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| SANDRA ANDERSON, ) | |
| ) | CIVIL ACTION NO. 10-cv-01178-PJG |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | HONORABLE JUDGE |
| ZIMMER, INC., ) | PATRICIA GORENCE |
| ) | |
| Defendant. ) | |
| _____ ) | |

## JOINT RULE 26(F) REPORT

Pursuant to Federal Rule Of Civil Procedure 26(f) and the Court's Notice Of Hearing dated March 18, 2011, the plaintiff, Sandra Anderson ("Plaintiff"), and the defendant, Zimmer, Inc. ("Zimmer"), submit the following Joint Rule 26(f) Report:

1. **Nature Of The Case**

   a. **Attorneys of record and lead trial counsel, for each party.**

Plaintiff:
James G. O'Callahan
Girardi & Keese
1126 Wilshire Boulevard
Los Angeles, CA  90017
Telephone: (213) 977 – 0211

Defendant:
Nathanial Cade, Jr.
Gonzalez, Saggio & Harlan LLP
225 East Michigan Street, Fourth Floor
Milwaukee, WI  53202
Telephone: (414) 277 – 8500

Andrea Roberts Pierson (*pro hac vice*)
Haroon Anwar (*pro hac vice*)
Baker & Daniels LLP
300 North Meridian Street, Suite 2700
Indianapolis, IN  46204
Telephone: (317) 237 – 1000

b. **Basis for federal jurisdiction.**

The Court's jurisdiction over this case is based on 28 U.S.C. § 1332, as the parties are residents of different states and there is more than $75,000 in controversy exclusive of interests and costs.

c. **Nature of the claim(s) and any counterclaim(s).**

Plaintiff alleges that a prosthetic knee device comprised of six different components, which was designed and manufactured by Zimmer, failed after it was implanted into Plaintiff's left knee. Zimmer has denied each of the allegations and asserted several affirmative defenses. Zimmer has not asserted any counterclaims at this time.

d. **Major legal and factual issues.**

This case is in its early stages and discovery is ongoing. At this time, the parties believe the major issues in this matter will include:

**Legal issues:** the condition of the knee prosthesis implanted in Plaintiff and its warnings; the proximate cause of Plaintiff's alleged injuries and damages; the nature and scope of Plaintiff's alleged damages; and, Plaintiff's comparative fault or the fault of nonparties in causing her alleged injuries and damages.

**Factual issues:** the condition of Plaintiff's knee prosthesis prior to implant; Zimmer's knowledge of the condition of the knee prosthesis; the warnings that accompanied the knee prosthesis; Plaintiff's medical history, condition, and prognosis, as well as her pre-existing conditions; the procedures followed by the surgeon implanting Plaintiff's knee prosthesis; Plaintiff's activities and health prior to and following her primary and revision surgeries; and, the nature and extent of Plaintiff's alleged damages.

e. **Whether the parties contemplate amending the pleadings.**

The parties do not anticipate amending the pleadings.

f. **Relief sought by Plaintiff.**

Plaintiff alleges that she incurred medical expenses and suffered physical and mental pain, disability and disfigurement, loss of income, and loss of a normal life. Plaintiff prays for judgment against Zimmer in an amount in excess of $75,000 plus her costs.

2. **Motions, Discovery, And Case Plan**

a. **All anticipated motions.**

Zimmer anticipates filing a motion for summary judgment and pretrial and trial motions at the appropriate times.

b. **Discovery to date.**

Each party has completed Rule 26(a) disclosures, and discovery is ongoing.

Zimmer served Defendant Zimmer, Inc.'s First Interrogatories To Plaintiff on September 21, 2010. Plaintiff served Plaintiff's Responses To Defendant Zimmer, Inc.'s First Interrogatories on October 22, 2010.

Plaintiff served Plaintiff's Request For Identification And Production Of Documents To Zimmer, Set One on October 20, 2010. Zimmer served Zimmer, Inc.'s Responses To Plaintiff's Request For Identification And Production, Set One on December 22, 2010.

Zimmer served Defendant Zimmer, Inc.'s, Interrogatories To Plaintiff, Set Two and Defendant Zimmer, Inc.'s Requests For Production To Plaintiff, Set One on November 2, 2010. Plaintiff served Plaintiff's Response To Defendant Zimmer, Inc.'s, Interrogatories To Plaintiff, Set Two and Plaintiff's Response To Defendant Zimmer, Inc.'s Requests For Production To Plaintiff, Set One on January 10, 2011.

**c. Schedule.**

On October 7, 2010, a Scheduling Conference was held in the United States District Court for the Central District of California. The following deadlines were set:

| | |
|---|---|
| Last day to add/amend pleadings | October 22, 2010 |
| Mediation Cutoff | March 2, 2011 |
| Post-Mediation Status Conference | March 3, 2011 |
| Discovery cutoff | May 13, 2011 |
| Expert discovery cutoff | June 1, 2011 |
| Motion hearing cutoff | July 7, 2011 |
| Pretrial Conference | August 4, 2011 |
| Court Trial | August 16, 2011 |

In addition, Judge Wu advised the parties to come to an agreement on dates for making expert disclosures and submitting expert reports, and to advise the Court of those deadlines.

The parties do not agree on the current schedule. Plaintiff contends that the discovery responses served by Defendant provided no documents or material. Plaintiff states that based on the lack of substantive responses by Defendant to discovery served by Plaintiff, the absence of the Court's signature on a protective order requested by Defendant has undoubtedly contributed to the meaningless responses served by Defendant. Plaintiff proposes that all deadlines be moved back by 3 months and that trial be scheduled in November 2011. Plaintiff proposes the simultaneous disclosure of expert reports pursuant to Rule 26(a)(2)(B) of the Federal Rules Of Civil Procedure on August 1, 2011.

Zimmer proposes that the current schedule remain unchanged and that, if necessary, the current deadlines be extended thirty days. Zimmer further proposes that Plaintiff disclose her expert witnesses and their Rule 26(a) reports on April 15, 2011, and that

3

Zimmer disclose its expert witnesses and their Rule 26(a) reports on May 16, 2011. If necessary, Zimmer will address Plaintiff's comments regarding Zimmer's discovery responses during the conference; however, it notes that (1) the discovery responses were served on December 22, 2010, and (2) it wrote to Plaintiff regarding the responses and inviting her to meet and confer on January 11 and February 17, 2011.

**d. The estimated length of trial and whether a jury is requested.**

The parties anticipate the trial of this matter will require 10 days. Plaintiff requested a jury trial.

Respectfully submitted,

s/ *James G. O'Callahan*
James G. O'Callahan
Girardi & Keese
1126 Wilshire Boulevard
Los Angeles, CA 90017
Telephone: (213) 977 – 0211

s/ *Haroon Anwar*
Nathanial Cade, Jr.
Gonzalez, Saggio & Harlan LLP
225 East Michigan Street, Fourth Floor
Milwaukee, WI 53202
Telephone: (414) 277 – 8500

Andrea Roberts Pierson (*pro hac vice*)
Haroon Anwar (*pro hac vice*)
Baker & Daniels LLP
300 N. Meridian Street, Suite 2700
Indianapolis, IN 46204
Telephone: (317) 237 – 1000